**UNITED STATES of America,
Appellee,**

v.

**Paul Mitchell LILLY, Appellant.**

No. 09–1752.

United States Court of Appeals,
Eighth Circuit.

Submitted: June 12, 2009.

Filed: June 22, 2009.

Before BYE, HANSEN, and BENTON, Circuit Judges.

PER CURIAM.

Paul Lilly challenges the eighteen-month sentence he received following the district court's [1] determination Lilly violat-

1. The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

ed the terms of his supervised release by, *inter alia,* threatening to harm an attorney by assaulting her with a padlock placed inside a sock. Lilly argues the district court erred in determining the threat constituted a felony under Arkansas law, triggering a Grade A violation of supervised release under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 7B1.1, which recommends a revocation term of 18–24 months. Lilly argues his eighteen-month sentence is therefore unreasonable. We affirm.

We reject Lilly's contention the district court should have viewed the padlock-in-a-sock threat as a Grade C violation of supervised release (with a recommended revocation term of 5–11 months) because the threat constituted a misdemeanor rather than a felony. Lilly's threat constituted felony terroristic threatening if he threatened "serious physical injury," Ark.Code Ann. § 5–13–301(a)(1)(A), while a threat of mere "physical injury" would be considered a misdemeanor. *Id.* at § 5–13–301(b)(1). Arkansas defines "physical injury" as "[i]mpairment of physical condition; ... [i]nfliction of substantial pain; or ... [i]nfliction of bruising, swelling, or a visible mark associated with physical trauma," Ark.Code Ann. § 5–1–102(14), whereas "[s]erious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." *Id.* at § 5–1–102(21).

The district court did not err in determining a beating with a padlock placed inside a sock could cause protracted disfigurement, protracted impairment of health, or a loss or protracted impairment of the function of a bodily member or organ, and thus satisfied the definition of serious physical injury. *See, e.g., Lum v. State,* 281 Ark. 495, 665 S.W.2d 265, 267 (1984) (holding that three blows to the head with a fist resulting in fractures to the face and a five-day hospitalization was sufficient to support a finding of serious physical injury).

The District Court properly calculated the Guideline range and did not abuse its discretion in sentencing Lilly within such range.

We affirm.